# In the United States Court of Federal Claims

GREGORY EARL MURPHY, SR.,

                      *Plaintiff,*

    v.

THE UNITED STATES,

                      *Defendant.*

No. 24-23 C

(Filed: January 23, 2024)

Gregory Earl Murphy, Sr., Milton, FL, pro se.

Evan Wisser, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Dismissing Complaint for Lack of Jurisdiction**

**SILFEN,** *Judge.*

      Gregory Earl Murphy, Sr. filed a complaint in this court alleging that a federal judge and judicial employees failed to promptly provide him with an order. ECF Nos. 1, 1-1. Along with the complaint, Mr. Murphy, who is incarcerated, filed an incomplete request to proceed in forma pauperis, failing to submit a form to authorize the deduction of court fees from his prison account. ECF No. 2. Having reviewed Mr. Murphy's application, the court **denies** his motion to proceed in forma pauperis. The court also lacks subject-matter jurisdiction over Mr. Murphy's claims. The complaint is therefore **dismissed** sua sponte pursuant to rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).

**I.**      **Background**

      Mr. Murphy's complaint appears to stem from the actions of a Georgia district court in a civil suit that Mr. Murphy filed. Mr. Murphy mentions "discriminatory" behaviors (ECF No. 1 at 1) and recites several rules and statutes, including one that mentions abuse of persons with disabilities (*id.* at 4). Mr. Murphy's complaint includes an exhibit with a copy of United States Magistrate Judge Christopher Bly's final report and recommendation, recommending that Mr. Murphy's complaint in Georgia be dismissed. The exhibit also includes an order for service of the report on the parties in the case. ECF No. 1-1 at 4-8.

      In the order for service, the magistrate judge gave Mr. Murphy fourteen days to object to the report and recommendation, or he would waive his objections. *Id.* at 7-8. There is handwriting

1

on the first page of the order that indicates that Mr. Murphy received the order on December 13, 2023, and the exhibit includes a request for prison library access dated the same day. *Id.* at 1, 7. Mr. Murphy's complaint references the mailbox rule and his deadline of fourteen days to object to the magistrate judge's report and recommendation, implying Mr. Murphy did not believe he had enough time to object to the report and recommendation. ECF No. 1 at 5. Mr Murphy did not file an objection to the report and recommendation in Georgia before the deadline. *Murphy v. Mentoring Ministry for the Homeless with Disabilities*, No. 23-cv-5345, ECF No. 4 at 1 (N.D. Ga. Dec. 29, 2023) ("This matter is before the Court on the Magistrate Judge's Final Report and Recommendation … . No objections have been filed.").

Mr. Murphy's complaint does not state what relief he seeks. ECF No. 1.

**II.   Discussion**

Under this court's rule 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject-matter jurisdiction sua sponte. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citation omitted). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523, 2020 WL 114521 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *accord Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor* and *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *See* 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

### A.     The Court does not have jurisdiction over Mr. Murphy's claims

Mr. Murphy alleges that judicial employees in Georgia are guilty of misconduct. *See* ECF No. 1-1. In his complaint, Mr. Murphy implies that he is a victim of discrimination and a "hate motivation crime." ECF No. 1 at 1, 4. Mr. Murphy appears to argue that he did not have sufficient time to respond to the magistrate judge's final report and recommendation. ECF No. 1-1 at 7. Mr. Murphy's failure to respond resulted in the district court adopting the final report and recommendation.

Mr. Murphy fails to tie his claims to any federal money-mandating statute.

To decide Mr. Murphy's claim about insufficient time to respond to the Georgia court's order, this court would have to determine whether the district court erred in its decision. This court does not have jurisdiction to review the district court's decision. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."); *see also Riley v. United States*, No. 18-1270C, 2019 WL 449741, at *4 (Fed. Cl. Feb. 5, 2019) (The court "does not possess subject matter jurisdiction to consider plaintiff's claims challenging the actions of other federal courts in connection with her prior litigation."). The remedy for Mr. Murphy's allegation is an appeal from the Georgia court's decision to the U.S. Court of Appeals for the Eleventh Circuit, in which he could argue that he did not have sufficient time to object to the magistrate judge's report and recommendation. *See generally Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." (quotation marks omitted)).[1]

### B.     The court will deny Mr. Murphy's application to proceed in forma pauperis

If the court grants a prisoner's application to proceed in forma pauperis, it waives only the court's administrative fee. The prisoner must still pay the $350 filing fee over time, with regular deductions of a percentage of his monthly income. 28 U.S.C. § 1915(b)(1). When Mr. Murphy filed his application to proceed in forma pauperis, he was also required to fill out an authorization form. This authorization form allows the court to deduct the $350 filing fee from Mr. Murphy's prison account. Mr. Murphy did not provide the court with the required authorization form. This court will therefore deny his request to proceed in forma pauperis, and no fee will be debited from his account.

---

[1] To the extent that Mr. Murphy is concerned about the prison librarian's delay in giving him library access, this court's jurisdiction does not extend to claims against private parties or state or local government officials. *Starnes v. United States*, 162 Fed. Cl. 468, 472 & n.4 (2022) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (additional citations omitted)); *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States"). Because Mr. Murphy is in a privately owned state prison (ECF No. 1-3), the prison librarian is either a private party or a state employee, and this court also lacks jurisdiction over any claims against the prison librarian.

### III.  Conclusion

For the reasons stated above, this court **denies** Mr. Murphy's application to proceed in forma pauperis and **dismisses** Mr. Murphy's complaint. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge